**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RASHFORD E. GALLOWAY,       :
                             :   Civil Action No. 07-3257 (NLH)
               Petitioner,   :
                             :
               v.           :   **OPINION**
                             :
CHARLES E. SAMUELS, JR.,    :
Warden,                  :
                             :
               Respondent.   :

**APPEARANCES:**

Petitioner pro se
Rashford E. Galloway
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

    Petitioner Rashford E. Galloway, a prisoner currently

confined at the Federal Correctional Institution at Fort Dix, New

Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden

Charles E. Samuels, Jr.

_____

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the
    Supreme Court, any justice thereof, the district courts
    and any circuit judge within their respective
    jurisdictions.
    ...
    (c) The writ of habeas corpus shall not extend to a
    prisoner unless-- ... (3) He is in custody in violation
    of the Constitution or laws or treaties of the United
    States ... .

Because it appears from a review of the Petition that this Court lacks jurisdiction to consider this Petition, and that it is not in the interest of justice to transfer the Petition, the Court will dismiss the Petition.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

I.  BACKGROUND

According to the record of Petitioner's criminal case, described at length in his Petition, he was named in a Bill of Indictment which charged him with conspiracy to possess with intent to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine powder, all in violation of 21 U.S.C. §§ 841 and 846 (Count One), and with having imported 5 kilograms or more of cocaine powder from Jamaica, in violation of 21 U.S.C. §§ 952 and 960 (Count Two).  See United States v. Galloway, 02-cr-0150 (W.D.N.C.).[2]

Petitioner entered into a written plea agreement with the government, whereby he pleaded guilty to Count One; Count Two was dismissed.  Petitioner entered his guilty plea on November 8, 2002.  On March 24, 2003, the trial court held a hearing based

_____

[2]This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

2

upon a letter from Petitioner that he was pleading guilty only so that charges against his wife would be dropped.[3]  Petitioner also raised issues regarding the effectiveness of his counsel's representation, including the allegation that his counsel had failed to review with him the discovery materials received from the prosecutor.  Again at his sentencing hearing on April 4, 2003, Petitioner raised the contention that he pleaded guilty only in order to get the charges against his wife dropped and that his counsel had failed to provide effective assistance. Nevertheless, the trial court did not permit Petitioner to withdraw his plea and sentenced Petitioner to a term of 150 months imprisonment.  Petitioner timely appealed.  The Court of Appeals for the Fourth Circuit affirmed the conviction and sentence on the ground that Petitioner had waived his right of appellate review with regard to the issue raised on appeal, that the government had violated the plea agreement by failing to seek a downward departure based on his substantial assistance.  <u>See</u> <u>United States v. Galloway</u>, No. 03-4387 (4th Cir. Oct. 17, 2003). The United States Supreme Court denied Petitioner's petition for writ of certiorari.

On February 20, 2004, Petitioner filed in the trial court his first Motion to Vacate, Correct, or Set Aside his sentence

---

[3] Petitioner has attached to his Petition partial transcripts of the March 24, 2003, and April 11, 2003, hearings.

pursuant to 28 U.S.C. § 2255.  See Galloway v. United States, 04-cv-0070 (W.D.N.C.).  In that first § 2255 motion, Petitioner asserted his claim that the government had violated the parties' plea agreement and also attempted to challenge the propriety of his guilty plea, contending that he should have been permitted to withdraw his guilty plea based upon the government's alleged breach of the plea agreement by not moving for a downward departure based upon his assistance to the government.  By Order filed March 3, 2004, the trial court dismissed that first § 2255 motion on the grounds that Petitioner had waived his right to raise his claim of such a breach against the government and, in any event, the government had not breached the plea agreement. Petitioner did not appeal.

On January 10, 2005, Petitioner filed his second § 2255 motion in the trial court, alleging ineffective assistance of trial counsel, and again asserting that he should have been allowed to withdraw his guilty plea.  In this second § 2255 motion, Petitioner's claims were based upon his alleged understanding that if he pleaded guilty all criminal charges against his wife would be dropped.  See Galloway v. United States, 05-cv-0024 (W.D.N.C.).  The trial court dismissed the second § 2255 motion because Petitioner had not obtained authorization to file it from the Court of Appeals.  See 28 U.S.C. § 2244(3)(A).

Thereafter, Petitioner filed in the Court of Appeals for the Fourth Circuit a motion for leave to file a second § 2255 motion. See In re: Rashford Emanuel Galloway, No. 05-0243 (4th Cir.)  On May 11, 2005, the Court of Appeals denied the motion.

Now, Petitioner has filed in this Court a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention and attacking his conviction on various grounds, including ineffective assistance of counsel, errors in his guilty plea proceeding, prosecutorial misconduct in the form of withholding exculpatory evidence, insufficient evidence to establish the quantity of drugs and the enhancement as a leader, and a claim of actual innocence.  Again, Petitioner asserts that he pleaded guilty only because he had been told that his plea would result in the dismissal of criminal charges against his wife.  He also asserts that the prosecutor withheld evidence about the primary witness against him and the fact that the witness's credibility was undermined by promises of lenient treatment in exchange for his testimony.  Petitioner does not state when he became aware of this information.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith

award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## III.   ANALYSIS

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the facts that he has filed a previous § 2255 motion and that the Court of Appeals for the Fourth Circuit has denied him leave to file a second or successive § 2255 motion. Petitioner contends that relief under

§ 2255 now is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to

7

test the legality of [Petitioner's] detention."  In Dorsainvil,
the Third Circuit held that the remedy provided by § 2255 is
"inadequate or ineffective," permitting resort to § 2241 (a
statute without timeliness or successive petition limitations),
where a prisoner who previously had filed a § 2255 motion on
other grounds "had no earlier opportunity to challenge his
conviction for a crime that an intervening change in substantive
law may negate."  119 F.3d at 251.  The court emphasized,
however, that its holding was not intended to suggest that § 2255
would be considered "inadequate or ineffective" merely because a
petitioner is unable to meet the stringent gatekeeping
requirements of § 2255.  Id.  To the contrary, the court was
persuaded that § 2255 was "inadequate or ineffective" in the
unusual circumstances presented in Dorsainvil because it would
have been a complete miscarriage of justice to confine a prisoner
for conduct that, based upon an intervening interpretation of the
statute of conviction by the United States Supreme Court, may not
have been criminal conduct at all.  Id. at 251-52.

        Here, Petitioner's claims do not meet the Dorsainvil
standard.  The claims that he should have been permitted to
withdraw his guilty plea because he was actually innocent, or
that the plea hearing was defective, or that the sentence was not
supported by sufficient evidence as to drug quantity or his
leadership role, or that he had received ineffective assistance

8

of counsel during the plea proceedings, were all well known to
Petitioner at the time of his conviction and sentence, and could
have been raised on direct appeal or in a first § 2255 motion.
Indeed, he raised the claims of ineffective assistance of counsel
and actual innocence and the desire to withdraw his guilty plea
even before his sentencing.  Certainly, he cannot establish that
he had "no earlier opportunity" to raise these claims.

There remains only Petitioner's contention of newly-
discovered evidence, including that the primary witness against
him was one whose credibility was subject to challenge based upon
a promise of leniency from the prosecutor and other facts known
to Petitioner.[4]  Petitioner states that, had he known this and
other allegedly withheld evidence, he would not have pleaded
guilty but would have gone to trial.  Again, the acquisition of
newly-discovered evidence does not establish that § 2255 is
inadequate or ineffective as a means to challenge a conviction or
sentence.  To the contrary, § 2255 specifically contemplates that

---

[4] Petitioner states alternately that the prosecutor withheld
this evidence in violation of the disclosure requirements of
Brady v. Maryland, 373 U.S. 83 (1967), and that his defense
counsel failed to review with him the discovery that the
prosecutor had provided.  Thus, it is not apparent whether
Petitioner is making a Brady claim or whether he is asserting
that, because of his counsel's ineffectiveness, the information
has only recently become known to Petitioner personally.  In
either case, Petitioner cannot establish that he meets the
Dorsainvil threshold for bringing a § 2241 petition.

there will be occasions when newly-discovered evidence should permit the filing of a second or successive petition:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; ...

28 U.S.C. § 2255.  To the extent Petitioner can demonstrate that he has newly-discovered evidence that justifies collateral relief, § 2255 provides the appropriate remedy, even if a prisoner has filed a previous § 2255 petition.  Thus, § 2255 cannot be considered inadequate or ineffective with respect to claims of newly-discovered evidence.

Under the circumstances presented here, Petitioner's claim of "actual innocence" is not sufficient to overcome the gatekeeping mechanism of § 2255.  Cf. Fisher v. Miner, 216 Fed.Appx. 255, 2007 WL 485805 (3d Cir. 2007) (claim of actual innocence based upon Richardson v. U.S., 526 U.S. 813 (1999) not sufficient to come within Dorsainvil exception); Paige v. Holt, 150 Fed.Appx. 141, 2005 WL 2305035 (3d Cir. 2005) (claim of actual innocence and improper sentencing not sufficient to establish that § 2255 is "inadequate or ineffective"); Hazel v. Smith, 142 Fed.Appx. 131, 2005 WL 1805673 (3d Cir. 2005) (claims of actual innocence accompanied by claims of ineffective

assistance of counsel and prosecutorial withholding of evidence place petition "squarely within the scope of § 2255" and preclude consideration under § 2241), <u>cert. denied</u>, 547 U.S. 1108 (2006).

Thus, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court, in the district of confinement, lacks jurisdiction.[5]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, however, the Court of Appeals has previously denied Petitioner leave to file a second or successive § 2255 petition.  Accordingly, it does not appear that it would be in the interest of justice to transfer this Petition.

---

[5] Although this Court is reclassifying Petitioner's petition as a § 2255 motion, no <u>Miller</u> notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the <u>Miller</u> court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion in the sentencing court, and because the current Petition is itself "second or successive," no purpose would be served by a <u>Miller</u> notice.

Finally, this Court expresses no opinion as to the merits of Petitioner's claims.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

At Camden, New Jersey          s/ Noel L. Hillman
                               Noel L. Hillman
                               United States District Judge

Dated: October 3, 2007

12